**Rezart GORENCAVIC, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.**

No. 04–3686–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2006.

Gregory Marotta, Belle Mead, New Jersey, for Petitioner.

David N. Kelley, United States Attorney for the Southern District of New York, Torre Chardon, Assistant United States Attorney, San Juan, Puerto Rico, for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Rezart Gorencavic, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews *de novo* questions of law regarding " 'what evidence will suffice to carry any asylum applicant's burden of proof.' " *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (quoting *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003)). On the other hand, this Court reviews the IJ's factual findings under the more deferential substantial evidence standard, upholding them if supported by " 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)).

Regardless of whether Gorencavic experienced past persecution, the IJ correctly found that current conditions in Montenegro adequately rebutted any presumption of future persecution. *See Islami*, 412 F.3d at 397–98. Even if an applicant establishes past persecution, asylum can still be denied as a matter of discretion if there is little likelihood of future persecution, in light of current country conditions. 8 C.F.R. § 1208.13(b)(1)(i); *see also Islami*, 412 F.3d at 397 (citing *Matter of Chen*, 20 I. & N. Dec. 16, 18, 1989 WL 331860 (BIA 1989)). Gorencavic claimed that if he returned to Montenegro, he would be arrested because he failed to serve in the army. However, the government presented evidence that in February 2001, the Yugoslav government passed a law granting amnesty to those who, like Gorencavic refused to fight in the army between April 27, 1992 and October 7, 2000. Gorencavic asserted that the amnesty was not being enforced, but he failed to submit any supporting evidence. Finally, Gorencavic's claim that the Serbs would continue to hate him and discriminate against him was also insufficient to establish a well-founded fear of future persecution, because such harm would not amount to persecution. *See Islami*, 412 F.3d at 397–98.

Gorencavic failed to exhaust his administrative remedy with respect to his CAT claim so this Court has no jurisdiction to consider it. 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).